UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ANTONIO LEE AUBREY,

        Plaintiff,                      Case No. 1:25-cv-729

v.                                        Honorable Robert J. Jonker

BRANDON COUGHLAN,

        Defendant.
_____/

**OPINION**

        This is a civil rights action brought by a county detainee under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's official capacity, due process, equal protection, and interference with mail claims for failure to state a claim. The Court will serve the complaint against Defendant as to Plaintiff's retaliation claim.

**Discussion**

I. **Factual Allegations**

Plaintiff is a pretrial detainee presently incarcerated at the Mason County Jail in Ludington, Mason County, Michigan.[1] Plaintiff sues Sergeant Brandon Coughlan in his official and personal capacities. (Compl., ECF No. 1, PageID.2.)

Plaintiff alleges that on December 31, 2024, Defendant called him into the hallway to discuss some pictures that had been delivered to the jail and were disposed of by Defendant. (*Id.*) On May 5, 2025, Plaintiff wrote a grievance on Defendant for turning off the phones. Defendant subsequently "retaliated" by calling Plaintiff into the hallway at 3:45 a.m. and saying, "Since you want to write a grievance saying I'm not doing my job, I'll do my job and file documents in court saying you [are] having contact with Morgan Frey." (*Id.*) After Plaintiff's family informed him that they had not received his mail, Defendant told Plaintiff that he had disposed of outgoing mail addressed to Plaintiff's mother and daughter-in-law. (*Id.*) Plaintiff wrote a grievance, and Defendant then told him that he had disposed of another picture that had been in Plaintiff's property. (*Id.*)

Plaintiff seeks damages and equitable relief. (*Id.*, PageID.4.) Additionally, when setting forth the relief he seeks, Plaintiff references "discrimination." (*Id.*) Based on the foregoing allegations, the Court construes Plaintiff's complaint to raise a First Amendment mail interference

---

[1] Plaintiff's case, *State of Michigan v. Antonio Aubrey*, Case ID 2024-0000004683-FH, is currently pending in the 51st Circuit Court in Mason County and is scheduled for a jury trial on September 24, 2025. *See* https://micourt.courts.michigan.gov/case-search/court/C51~2/case-details?caseId= 2024-0000004683-FH&tenantKey=C51-53-0631201-00-00&searchUrl= %2Fcourt%2FC51~2%2Fsearch%3FlastName%3DAubrey%26firstName%3DAntonio%2520% 26middleName%3DLee%26page%3D1 (select "Continue") (last visited July 11, 2025).

claim, a First Amendment retaliation claim, and Fourteenth Amendment due process and equal protection claims against Defendant.

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

3

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Official Capacity Claims

As an initial matter, Plaintiff brings claims against Defendant in both his individual and official capacities. Ordinarily, a suit against an individual in his or her official capacity is equivalent to a suit brought against the governmental entity, in this case, Mason County. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Mason County may be held liable for Plaintiff's injuries only if those injuries were the result of an unconstitutional policy or custom of the County. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (citing *Monell v. Department of Social Services,* 436 U.S. 658 (1978)). Plaintiff does not allege that Defendant's conduct was the result of any policy or custom. Therefore, Plaintiff's official capacity claims against Defendant are properly dismissed.

### B. Individual Capacity Claims

#### 1. Due Process

Plaintiff asserts that Defendant improperly disposed of his pictures and mail. To the extent that Plaintiff is claiming such conduct violated his due process rights, his claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Id.* at 537. This rule applies to both negligent and intentional deprivations of property, as long as the deprivation was not done pursuant to an

4

established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984). Because Plaintiff's claim is premised upon allegedly unauthorized acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479–80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case. Plaintiff has not alleged that state post-deprivation remedies are inadequate. Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments or officers." Mich. Comp. Laws § 600.6419(1)(a) (eff. Nov. 12, 2013). The Sixth Circuit specifically has held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of his personal property. Accordingly, Plaintiff's due process claims will be dismissed.

    **2.**    **Equal Protection**

Plaintiff makes a conclusory assertion that Defendant subjected him to "discrimination." (ECF No. 1, PageID.4.) The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). "'Similarly situated' is a term of art—a comparator . . . must be similar in 'all relevant respects.'" *Paterek v. Vill. of Armada*, 801 F.3d 630, 650 (6th Cir. 2015) (quoting *United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011));

5

*see also Nordlinger*, 505 U.S. at 10; *Tree of Life Christian Sch. v. City of Upper Arlington*, 905 F.3d 357, 368 (6th Cir. 2018) ("A plaintiff bringing an equal protection claim must be 'similarly situated' to a comparator in 'all relevant respects.'"). Plaintiff fails to make any specific factual allegations regarding disparate treatment in this case, but merely states that he was subjected to "discrimination." Such conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

### 3.     Interference with outgoing mail

Plaintiff alleges that on one occasion, Defendant disposed of outgoing mail addressed to Plaintiff's mother and daughter-in-law. Generally, "isolated instances of interference with prisoners' mail" do not rise to the level of a constitutional violation under the First Amendment. *See Johnson v. Wilkinson,* No. 98-3866, 2000 WL 1175519 (6th Cir. Aug. 11, 2000) (citing *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997) (holding that an "isolated incident, without any evidence of improper motive or resulting interference with [the inmate's] right to counsel or to access to the courts, does not give rise to a constitutional violation.")); *Colvin v. Caruso*, 605 F.3d 282, 293 (6th Cir. 2010) (citing *Johnson* for the holding that "isolated incidents" of interference with prisoners' rights do not rise to the level of a First Amendment violation); *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003) (stating "Okoro was only able to provide one specific incident where he allegedly did not receive the full contents of a letter from his wife. Such a random and isolated incident is insufficient to establish a constitutional violation."). Indeed, the Sixth Circuit recently relied upon *Colvin* to confirm that a single isolated event of tampering with legal mail "does not rise to the level of a constitutional violation." *See Smith v. Goostrey*, No. 23-1025, 2023 WL 5024659, at *3 (6th Cir. Aug. 4, 2023). Plaintiff's inability to send mail to his

family on one occasion appears to have been an isolated occurrence. Thus, Plaintiff's allegations are not sufficient to state a First Amendment interference with mail claim.

### 4. Retaliation

Plaintiff asserts that Defendant improperly disposed of pictures and mail and threatened to file court documents accusing Plaintiff of having contact with an individual named Morgan Frey in retaliation for Plaintiff's conduct in filing a grievance on Defendant. (ECF No. 1, PageID.3.) Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

The Court notes that the filing of a nonfrivolous prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). In addition, the confiscation and destruction of property can be adverse for purposes of a retaliation claim. *Bell v. Johnson*, 308 F.3d 594, 604 (6th Cir. 2002). Plaintiff describes his grievance as being about Defendant "turning off the phones," and then Plaintiff attributes a statement to Defendant in which Defendant described the grievance as "saying [Defendant was] not doing [his] job." (Compl., ECF No. 1, PageID.3.) From these allegations it is not entirely clear that Plaintiff's grievance was nonfrivolous. Nevertheless, at this stage of the proceedings, the Court must take

7

Plaintiff's allegations as true and in the light most favorable to him. Under these circumstances, viewing the allegations in the light most favorable to Plaintiff, the Court concludes that Plaintiff's First Amendment retaliation claim against Defendant is not subject to dismissal on initial review.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's official capacity, due process, equal protection, and interference with mail claims will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant as to Plaintiff's First Amendment retaliation claim against Defendant in his individual capacity.

An order consistent with this opinion will be entered.

Dated:   July 15, 2025                                   /s/ Robert J. Jonker
                                                         Robert J. Jonker
                                                         United States District Judge